UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 26-62461-CIV-DAMIAN

MIGUEL ENRIQUE HERNANDEZ PALACIOS,
Petitioner,
v.

WARDEN, BROWARD TRANSITIONAL CENTER,
Respondents.
_______________________________________/

**RETURN TO PETITION FOR WRIT OF HABEAS CORPUS**

Respondents, through the undersigned Assistant U.S. Attorney, consistent with this Court's Order (DE 4), respectfully submit this Return that the Petition should be denied because he has not exhausted his administrative remedies.

**ARGUMENT AND ANALYSIS**

The Court should dismiss the petition for writ of habeas corpus as Petitioner has failed to exhaust administrative remedies. Generally, a habeas petitioner must exhaust administrative remedies before seeking federal court intervention. *See Romero v. Broward Transitional Ctr.,* No. 26-60405-CIV SINGHAL, 2026 WL 1053240, at *1 n.2 (S.D. Fla. Apr. 16, 2026) (finding failure to exhaust administrative remedies futile and therefore excused); *Sims v. Warden, FCC Coleman-Medium*, No. 5:25-CV-674 CHAPPELL, 2026 WL 1077675, at *1 (M.D. Fla. Apr. 21, 2026) ("Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'") (quoting *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015)); *Bohorquez-Valencia v. Ripa*, No. 3:25-CV-1383 HOWARD, 2026 WL 662980, at *2 (M.D. Fla. Mar. 10, 2026) ("A petitioner must exhaust all available

administrative remedies before filing a § 2241 petition in federal court.") (citing *Santiago-Lugo*, 785 F.3d at 475).

Exhaustion of administrative remedies is not jurisdictional. *Santiago-Lugo*, 785 F.3d at 475. *See also Santos-Zacaria v. Garland*, 598 U.S. 411, 143 S. Ct. 1103, 1108, 215 L. Ed. 2d 375 (2023) ("Exhaustion requirements are quintessential claim-processing rules, designed to promote efficiency in litigation."). However, "exhaustion promotes efficiency, including by encouraging parties to resolve their disputes without litigation." *Id*. at 417-18 (citing *Jones v. Bock*, 549 U.S. 199, 219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); and *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)). Because exhaustion is non-jurisdictional, a court need not sua sponte rule on this issue, and failure to exhaust may be excused for futility. *Id*. at 418; *Santiago-Lugo*, 785 F.3d at 474-75.

Here, Petitioner has not pursued administrative relief available to him and instead seeks relief in the first instance from this Court. Importantly, Petitioner's failure is not excusable as futile. Accordingly, the Petition should be dismissed for failure to exhaust administrative remedies.

By regulation, the Board of Immigration Appeals has authority to review Immigration Judge's custody determinations. See 8 C.F.R. §§ 1003.1(b)(7), 1003.19(f), 1003.38, 1236.1(d)(3). Moreover, as set forth in the EOIR Policy Memo 25-45 the Board of Immigration Appeals and Immigration Judges can consider constitutional challenges to the INA. *Consideration of Constitutional Arguments in Agency Adjudications*, available at https://www.justice.gov/eoir/media/1413276/dl?inline.

In addition, the Board of Immigration Appeals is bound by a published opinion of a circuit court of appeals. *See e.g. Konango v. U.S. Att'y Gen.*, 759 F. App'x 846, 849 (11th Cir. 2019) (clarifying the BIA relied upon the binding precedent of the Eleventh Circuit); *Martinez-Rios v.*

*U.S. Att'y Gen.*, No. 22-13466, 2023 WL 5603211, at *2 (11th Cir. Aug. 30, 2023) (explaining a published opinion of a circuit court is binding upon the BIA).

Specifically, the Eleventh Circuit Court's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *5 (11th Cir. May 6, 2026), is currently binding precedent upon the immigration courts and BIA within the geographic region covered by the Eleventh Circuit. *See Matter of Garcia*, 28 I. & N. Dec. 693, 695 (BIA 2023) ("We, as well as Immigration Judges, are bound to follow the precedent of this Board, the Attorney General, and the circuit court of appeals with jurisdiction over the geographic region where a case occurs.") (citing *Matter of U. Singh*, 25 I&N Dec. 670, 672 (BIA 2012) ("We apply the law of the circuit in cases arising in that jurisdiction . . . ."); and *Matter of Anselmo*, 20 I&N Dec. 25, 32 (BIA 1989) (explaining that the decision of a circuit court of appeals must be followed in proceedings arising within that jurisdiction)); *see also Hernandez v. U.S. Atty. Gen.*, 400 F. App'x 439, 441 (11th Cir. 2010) ("Under the prior panel precedent rule, a prior decision of a panel of this Court is binding on all subsequent panels unless and until the panel's decision is overturned by the Supreme Court or by this Court sitting en banc."); *United States v. Shular*, 736 F. App'x 876, 877 (11th Cir. 2018), *aff'd*, 589 U.S. 154, 140 S. Ct. 779, 206 L. Ed. 2d 81 (2020) (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)) ("[T]his Circuit has a strong prior panel precedent rule, which mandates that 'a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.'").

Due to *Hernandez Alvarez*, Petitioner can request a bond hearing with EOIR once ready to proceed. *See* 8 C.F.R. § 1003.19(b) ( stating that an "[a]pplication for an initial bond redetermination *by a respondent, or his or her attorney* or representative, may be made orally, in

writing, or, at the discretion of the Immigration Judge, by telephone."); *see also* EOIR Policy Manual, Chapter II 8.6(a) (stating that a bond hearing will set "*upon the alien's request*."). Lastly, EOIR's public facing website shows how Petitioners can request a bond hearing following this guide: case_portal_request_a_bond_infographic.pdf.

Further, Petitioner bears the burden to establish that he is not a danger to the community, a threat to national security, or a flight risk. *See Matter of Rodriguez Pena*, 29 I&N Dec. 358, 359 (BIA 2025) (citing *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) and 8 C.F.R. § 1236.1(c)(8) (2025)) ("For custody determinations under section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C.A. § 1226(a) (West 2025), it is the alien's burden to establish that he is not a danger to the community at large."). If an alien can establish that he or she is not a danger to the community, then, and only then, should the question of whether the alien poses a risk of flight be considered. *See Matter of Urena*, 25 I&N Dec. 140 (BIA 2009) (citing *Matter of Drysdale*, 20 I&N Dec. 815, 817–18 (BIA 1994)); *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999); *see also Matter of E-Y-F-G-*, 29 I&N Dec. 103, 105 (BIA 2025) (affirming bond denial because the alien did not meet her burden to establish she is not a flight risk).

Moreover, even though the mandate has not been issued in *Hernandez Alvarez*, the case is binding precedent. *See Brooks v. United States*, 723 F. App'x 703, 705 n.1 (11th Cir. 2018) (clarifying that even though a mandate has not issued the circuit was bound by the opinion); *see also* 11th Cir. R. 36 (I.O.P. 2) ("Effect of Mandate on Precedential Value of Opinion. Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result." (citing *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992)).

As a result, seeking administrative remedies, including requesting a bond hearing from an Immigration Judge and pursuing appeal[1] to the BIA, would not be futile here. Therefore, Petitioner's failure to pursue available administrative remedies is dispositive, and the Petition should be dismissed.

**CONCLUSION**

Based upon the foregoing, the Petition should be dismissed for failure to exhaust his administrative remedies.

**JASON REDING QUINONES**
**UNITED STATES ATTORNEY**

By: */s/ Carolina Perez Schmerold*

Carolina Perez Schmerold
Assistant United States Attorney
FL Bar No.: 1003503
99 N.E. 4th Street
Miami, FL 33134
(305) 961-9000
Carolina.perez@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2026, I filed a copy of the foregoing via CM/ECF and mailed a copy to petitioner Miguel Enrique Hernandez Palacios, A# 236-345-683, Broawrd Transitional Center, 3900 North Powerline Road, Pompano Beach, FL 33073.

Respectfully submitted,

*/s/ Carolina Perez Schmerold*
Carolina Perez Schmerold
Assistant United States Attorney

[1] It should further be noted that exhaustion requires the Petitioner to raise the same legal argument in both the immigration court and before the BIA. *See e.g. Alejos-Perez v. Garland*, 93 F.4th 800, 805–06 (5th Cir.), cert. denied, 145 S. Ct. 591, 220 L. Ed. 2d 230 (2024).