**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62461-CIV-DAMIAN**

**MIGUEL ENRIQUE HERNANDEZ PALACIOS,**

Petitioner,

v.

**WARDEN, BROWARD TRANSITIONAL CENTER**, *et al.*,

Respondents.
_______________________________________/

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on Petitioner, Miguel Enrique Hernandez Palacios's ("Petitioner"), *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], filed September 4, 2026. Respondent filed a Response to this Court's Order to Show Cause [ECF No. 5 ("Response")] on September 22, 2026. Petitioner did not file a Reply.

THE COURT has reviewed the Petition, the Response, and the record in this case and is otherwise fully advised.

## I. BACKGROUND

Petitioner is a native and citizen of El Salvador who entered the United States without inspection in or about March 2020. Pet. ¶¶ 11–14; Resp. at 1. Petitioner indicates that he has resided in the United States for more than six years and has established substantial family, employment, and community ties in this country. Pet. ¶ 6.

On August 23, 2026, immigration officials with the U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner while he was on his way to work. Pet. ¶ 29. The

following day, on August 24, 2026, the Department of Homeland Security served a Notice to Appear ("NTA") on Petitioner charging him as inadmissible pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), or 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. [ECF No. 5-1]. Petitioner remains detained at the Broward Transitional Center in Pompano Beach, Florida. Pet. at ¶ 18; [ECF No. 5-1].

On September 4, 2026, Petitioner filed the Petition now before this Court. Petitioner argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, he is entitled to a bond hearing. *See* Pet. ¶¶ 32–37. Petitioner contends that he instead falls within the scope of 8 U.S.C. § 1226(a), which permits release on bond and authorizes an immigration judge to conduct a custody redetermination hearing. *See id.* Respondent filed a Response on September 22, 2026, contending that the Petition should be denied because Petitioner has not exhausted administrative remedies. [ECF No. 5]. Petitioner did not file a Reply.

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

In the Response, Respondent acknowledges that Petitioner is entitled to a bond hearing or an individualized custody determination in light of the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, FDC Miami*, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Resp. at 3–4. Respondent indicates, however, that Petitioner has not requested a custody redetermination hearing before an immigration judge and, therefore, Respondent argues that Petitioner has not exhausted his administrative remedies. *Id.* Petitioner did not file a Reply nor otherwise respond to Respondent's argument that he did not exhaust administrative remedies.

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. *Id.* at 474–75. Here, based on the information available in the record before this Court, it appears Petitioner did not exhaust his administrative remedies because he has not requested a bond redetermination hearing before an immigration judge. Resp. at 3–4.

Prior to the Eleventh Circuit's decision in *Hernandez Alvarez*, this Court excused petitioners' failures to exhaust administrative remedies in contexts like those in which Petitioner finds himself because requests for bond redetermination in such circumstances were deemed futile in light of precedent from the Board of Immigration Appeals ("BIA") dictating that such individuals were not entitled to bond hearings. *See, e.g.*, *Deleon v. Rippa*, No. 26-21088-CIV-DAMIAN, 2026 WL 914777 (S.D. Fla. Apr. 3, 2026) (noting that "any

exhaustion requirements are excused for futility because the result of [p]etitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*") (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)); *Mejia v. Lyons*, No. 26-60258-CIV-DAMIAN, 2026 WL 914753 (S.D. Fla. Apr. 3, 2026) (same). The landscape has since changed. Earlier this year, and before Petitioner filed the Petition before this Court, the Eleventh Circuit entered its opinion in *Hernandez Alvarez v. Warden, FDC Miami*, in which the Eleventh Circuit concluded that § 1226 applies to aliens unlawfully in the interior, such as Petitioner, and, therefore, that such individuals are entitled to a bond hearing. And the BIA "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit – even if the Attorney General or the BIA itself disagrees with that precedent." *Garcia v. Garland*, 73 F.4th 219, 230 n.7 (4th Cir. 2023) (citations omitted); *see also Stevens v. Osuna*, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)).

In light of the *Hernandez-Alvarez* decision, however, it is no longer apparent, without more, that a request for a bond redetermination would be futile. Therefore, Petitioner must exhaust available remedies by seeking relief before the Immigration Court before complaining to this Court that such relief is not available.

## IV. CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus [**ECF No. 1**] is **DISMISSED WITHOUT PREJUDICE**.

2. Any pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida this 15th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Miguel Enrique Hernandez Palacios, *Pro se*
A# 236-345-683
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073